[986 NYS2d 39]

In the Matter of STANLEY L. CHIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 29, 2014

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu Parrino* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Stanley L. Chin was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on June 19, 1958. Although he has never registered as an attorney, respondent maintains an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (DDC) moves for an order pursuant to Judiciary Law §§ 90 (2) and 468-a and 22 NYCRR 1500.25, immediately suspending respondent from the practice of law based upon his knowing failure to: (1) register as an attorney with the Office of Court Administration (OCA) for more than 30 years; (2) pay his biennial registration fees for more than 30 years; and (3) comply with his continuing legal education requirements (CLE) for 15 years; and granting such other and further relief as this Court deems just and proper. Respondent has not appeared on this motion.

The DDC began its investigation into respondent's conduct after it received a November 22, 2013 complaint letter from an attorney reporting that respondent "may have been and may still be engaged in the unauthorized practice of law." Specifically, the complaint indicated that respondent represented a client in the purchase of a restaurant. According to the complaining attorney, when he attempted to commence a lawsuit in Nassau County against respondent, and others, on behalf of respondent's former client, he was told by OCA that respondent had neither registered nor paid registration fees since his admission in 1958.

By letter dated December 12, 2013, the DDC attempted to contact respondent, enclosing a copy of the November 22, 2013 complaint, and asked him to respond to its specific allegations. Apparently the complaint was returned to the DDC, and on December 23, 2013, a DDC investigator spoke by telephone with respondent to ascertain his correct address. During that conversation, respondent told the investigator that he had been in contact with the bar association, which advised him to register as an attorney with OCA. Respondent stated further that he owed approximately $3,000 in registration fees and had never earned CLE credits. He acknowledged awareness of the investigator's warning that he could be suspended for failing to register.

That same day, DDC staff counsel re-sent the complaint to respondent at his correct address and sent respondent a request that he "address [his] admission to our investigator that [he had] *never* attended a CLE class since [his] admission to the New York State Bar," and also include his previous dealings with the complainant. Respondent's answer, dated January 24,

2014, explained the nature of his representation of his former client, but did not address the allegations that he had never registered nor taken a CLE course. The Committee wrote to respondent again, by letter dated January 27, 2014, asking him to submit an answer to those allegations. Its letter directed respondent's attention in part to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), providing for suspensions of attorneys for failure to cooperate with the DDC. Respondent admitted by reply letter received by the DDC on February 3, 2014 that he is not a registered attorney and has never taken a CLE class.

By notice of motion dated February 7, 2014, the DDC filed its current motion seeking immediate suspension of respondent pursuant to Judiciary Law §§ 90 (2) and 468-a and 22 NYCRR 1500.25. It contends that suspension is warranted based on respondent's admission that he has failed to comply with all registration requirements, and cites to Judiciary Law § 468-a, 22 NYCRR 1500.22, requiring attorneys as of 1998 to complete 24 credit hours of CLE each biennial reporting cycle, and 22 NYCRR 1500.25, providing that the names of attorneys who fail to comply with the CLE requirements will be "submitted to the Appellate Division for appropriate action." The DDC argues that this Court has repeatedly held that failure to register or re-register and pay registration fees constitutes professional misconduct warranting discipline, citing our mass suspension cases. As proof that respondent has actively engaged in the practice of law, the DDC has provided a printout from a "cursory search of" the Unified Court System's (UCS) e-Courts website. The DDC contends that this printout demonstrates that respondent actively represented clients in civil and supreme courts from the late 1970s through the 1990s and into the first few years of this century.

Respondent has not served a response and as of March 26, 2014, the UCS public attorney registration website continues to show that he is not registered. Respondent is approximately 80 years old, and appears not to have engaged in any other misconduct. However, he readily admits his ongoing failure to register, pay fees, and earn the required CLE credits. In light of these conceded facts, and respondent's acknowledgment to the DDC investigator that he is aware of his obligation to register with OCA and earn CLE credits, and given respondent's default on this motion, the DDC's motion to immediately suspend respondent should be granted and respondent suspended from the practice of law until further order of this Court.

Acosta, J.P., Renwick, Moskowitz, Freedman and Feinman, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.